IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DEONTE VONDELL SPICER,**

      **Plaintiff,**

v.                                             Civil Action No. 3:19-CV-10
                                                  (GROH)

**OFFICER ANTHONY SATTERELLI,**
**OFFICER J. BROWN,**
**OFFICER A. CUNNINGHAM, and**
**OTHER UNKNOWN NAMED DEFENDANTS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 22, 2019, the *pro se* Plaintiff, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. The case was dismissed and reopened, and an appeal to the Fourth Circuit was ultimately dismissed.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY[1]

Before the initiation of this action, Plaintiff filed a separate suit on December 17, 2018, which was assigned case number 3:18-CV-202.  On that same date, the Clerk issued a notice of deficient pleading and intent to dismiss because Plaintiff did not file his action on the Court-approved form.  3:18-CV-202, ECF No. 5.  The Court dismissed that action on January 24, 2019, because Plaintiff refiled his action on the Court-approved form in the instant case on January 22, 2019.  ECF No. 10.

### A.     The Allegations of the Complaint

Plaintiff's complaint in the instant action alleges that: (1) on September 29, 2014, Defendant Anthony Satterelli violated his civil rights at USP Hazelton during the intake screening of Plaintiff, and on February 6, 2015, there was "another incident" related to Plaintiff's cell assignment which was caused by Satterelli's breach of duty during the September 29, 2014, intake [ECF No. 1 at 7, 10 – 12]; (2) Defendant J. Brown violated Plaintiff's civil rights by restricting his access to the Courts by preventing him from filing legal papers [Id. at 14]; (3) Defendant A. Cunningham violated Plaintiff's civil rights when he prevented Plaintiff from receiving legal mail [Id.]; (4) that unknown named Defendants violated his civil rights when they prevented Plaintiff from receiving legal mail [Id.].

According to the plaintiff's complaint, if the Defendants had not breached their duties, he would not have had "to serve more time in prison as an 'actual injury' ".  ECF No. 1 at 19.  For relief, Plaintiff seeks $500,00.00 in damages.  Id. at 19.

---

[1] All CM/ECF references herein refer to the instant case, 3:19-CV-10, unless otherwise noted.

Plaintiff provided copies of at least three administrative grievances he filed while in custody. Two of those administrative grievances concerned his transfer to USP Hazelton.

### 1. Administrative Remedy Number 950833

At the BP-8 level, Plaintiff filed an imprecisely dated[2] and unnumbered administrative remedy titled "Attempt at Informal Resolution", which complains that Plaintiff was improperly transferred to USP Hazelton on September 29, 2014. ECF No 1-7. The attempt at informal resolution states that the BP-8 was issued on August 9, 2018, at 7:47 a.m., by a unit team member whose name is illegible, returned on August 10, 2018, at 9:05 a.m. by the same unit team member, and the BP-8 investigation was completed and the BP-9 was issued on August 10, 2018, at 3:55 p.m. Id.

At the BP-9 institutional level, Plaintiff filed administrative remedy number 950833-F1, which was executed on August 13, 2018, and complains that he was improperly transferred to USP Hazelton on September 29, 2014. ECF No. 1-7 at 7 – 8. The grievance was received by the Administrative Remedy Coordinator at Canaan USP on August 21, 2018. ECF No. 1-7 at 6. The remedy was rejected as untimely, because BP-9 administrative remedy requests "must be received [within] 20 days of the event complained about." Id.

At the BP-10 Regional Level, Plaintiff filed administrative remedy number 950833-R1, which he executed on September 19, 2018. ECF No. 1-7 at 5. Administrative remedy number 950833-R1 was received by the Administrative Remedy Coordinator at the

---

[2] The remedy states in the top right corner that it was dated January 24, 2014, however, it complains of events which occurred on September 29, 2014, and was signed by institutional officials on August 9, 2018, and August 10, 2018. ECF No. 1-7. Based on the appeals of the BP-8, it appears that this was administrative remedy 950833.

Northeast Regional Office on October 5, 2018, and rejected on October 15, 2018.  ECF No. 1-7 at 4.  The rejection notice states the Regional Officer "concur[s] with the rationale of the institution for rejection" and the grievance was rejected because Plaintiff "was complaining about an event from September 2014."  Id.

At the BP-11 Central Office level, Plaintiff filed administrative remedy number 950833-A1 which was signed by Plaintiff on November 11, 2018, and stamped received by the Administrative Remedy Section of the Bureau of Prisons on November 13, 2018.  ECF No. 1-7 at 3.  The rejection notice gave two reasons for rejection: (1) that the administrative remedy coordinator "concur[red] with [the] rationale of regional office and/or institution for rejection"; and (2) that the remedy was untimely, remarking "if staff provide a memo stating the late filing was not your fault, then re-submit to the level of the original rejection."  ECF No. 1-7 at 2.

### 2. Administrative Remedy Number 883727

At the BP-8 informal resolution level, it appears that Plaintiff sought to informally resolve the complaint that Plaintiff was improperly transferred to USP Hazelton on September 29, 2014.  ECF No. 1-8 at 3.  The undated response to the informal resolution states that Plaintiff's concerns were addressed on September 29, 2014.  Id.  Further, the response states that Plaintiff "did not wish to informally resolve and requested a BP-9." Id.

Plaintiff next pursued his grievance at the BP-9 institutional level, where he filed administrative remedy number 883727-F1, signed on October 26, 2016, and stamped as received by the warden or regional director on November 25, 2016.  ECF No. 1-8 at 2.

4

That remedy complains that Plaintiff was not properly protected when he was transferred from USP McCreary to USP Hazelton.  Id.

### 3. Administrative Remedy Number 939332

Plaintiff also pursued administrative remedy number 939332-R1 to the regional and national levels.  That remedy concerned the processing of his outgoing special mail, and was denied by the Regional Director on June 29, 2018.  ECF No. 1-3 at 3.  Plaintiff appealed that denial to the Central Office in administrative remedy number 939332-A1, A2, signed on July 12, 2018, and stamped as received both on July 26, 2018 and September 5, 2018.  ECF No. 1-2 at 2.  That remedy alleged that Plaintiff "sent out legal mail all [through] 2015" which led to Plaintiff "losing [his] case at trial."  Id.  The Central Office Administrative Remedy denied Plaintiff's appeal on September 19, 2018.  ECF No. 1-3 at 2.

### B. Other Pleadings

On February 11, 2019, Plaintiff filed a motion "to terminate" the case because he could not meet the time constraints required by the Court.  ECF No. 9.  On February 22, 2019, this case was dismissed without prejudice based on Plaintiff's motion to dismiss. ECF No. 10.  On February 25, 2019, Plaintiff paid an initial partial filing fee and motion for reconsideration of dismissal.[3]  ECF Nos. 11, 12.  On February 26, 2019, the Court ordered the case be reopened.  ECF No. 19.  On March 7, 2019, Plaintiff filed a motion to refile complaint after dismissal.  ECF No. 24.  On March 13, 2019, Plaintiff filed a motion to withdraw his motion to refile his complaint.  ECF No. 27.  The Court terminated Plaintiff's

---

[3] The return receipt for the order dismissing the case without prejudice [ECF No. 10] reflects that it was received at Canaan USP on February 25, 2019.  ECF No. 21.

5

motion as moot on April 9, 2019, on the basis that the Court had already reopened the case. ECF No. 31.

On the same date Plaintiff filed his motion for reconsideration, February 25, 2019, he also filed a "notice of appeal" as to the order dismissing the case. ECF No. 16. The Court of Appeals for the Fourth Circuit granted Plaintiff's voluntary dismissal of his appeal on May 20, 2019. CF No. 36.

### III. LEGAL STANDARD

#### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

### B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[5] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### IV. ANALYSIS

It appears to the Court that Plaintiff's claims are time barred. Because there is no statute of limitations for Bivens actions, the Court must look to state law. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so"). Therefore, West Virginia's two-year, personal injury statute of limitations applies to the Plaintiff's civil rights claims. See Nadra v. Mbah, 119 Ohio St. 3d 305, 306, 893 N.E.2d 829, 830 (2008) (Internal citations omitted) ("The United States Supreme Court has instructed that in Section 1983 actions, courts must apply a state's general or residual statute of limitations that governs personal-injury actions. We hold that R.C. 2305.10, which contains a two-year limitations period, is Ohio's general statute of limitations governing personal injury in Ohio.") Like Ohio, West Virginia has a two-year statute of limitations for damages to property and for personal injuries. West Virginia Code § 55-2-12(b); Knotts v. White, 2021 WL 982653 (March 16, 2021); Courtney v.

---

[5] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

8

Courtney, 190 W.Va. 126, 437 S.E.2d 436 (1993) (citing Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978)).

### A.     Claims Related to Plaintiff's Transfer to USP Hazelton

In this case, the plaintiff alleges events that occurred between September 29, 2014 and February 6, 2015 in West Virginia, caused him to be injured after he was transferred to USP Hazelton, and later to be held in custody for a longer period than he should have been.  It is clear from the complaint that the Plaintiff was aware of the actions or inactions of agents of the Bureau of Prisons from September 29, 2014.  Despite this knowledge, the plaintiff did not file any complaint with this Court until December 17, 2018, in 3:18-CV-202, and January 22, 2019, in the instant action, both of which were well beyond the two-year statute of limitations.

The statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence.  See Fed.R.Civ.P 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) ("the raising of the statute of limitations ...constitutes an affirmative defense.") Moreover, where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived.  See Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1664 (4th Cir. 1985). Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should [refrain] from raising and considering the statute of limitations defense *sua sponte*."  Eriline Company S.A. v. James P. Johnson, 440 F.3d 648, 657 (4th Cir. 2006).

However, the Fourth Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition

for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 953-54 (4th Cir. 1995). In Nasim, the Court concluded that, in evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense. See 64 F.3d at 943-54. In reaching this conclusion, the Court observed that, in eliminating the requirement for paying costs, § 1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and therefore presented the potential to overburden the judicial system with patently meritless lawsuits. Id.

Moreover, § 1915 requires a district court to screen initial filings and directs a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determined that...the action or appeal...is frivolous or malicious...[or] fails to state a claim on which relief may be granted." § 1915(3)(2)(B)(I)-(ii). Accordingly, the Court explained that this screening authority distinguishes *in forma pauperis* suits and establishes a justification for an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*. Id. at 953-54. See Street v. Vose, 936 F.2d 38, 39 (1st Cir.1991), *cert. denied,* 502 U.S. 1063 (1992) (the affirmative defense of the statute of limitations may justify dismissal under section 1915(d)); Pino v. Ryan 49 F.3d 51, 53-54 (2d Cir. 1995) (concluding that district court can raise statute of limitations defense *sua sponte* in evaluating complaint filed pursuant to § 1915); Castillo v. Grogan, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious). Other Courts of Appeals have held that

dismissals under section 1915 because of other affirmative defenses appearing on the fact of the complaint. See Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986) (immunity); Moore v. Burger, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (same); Johnson v. Reagan, 524 F.2d 1123, 1124 (9th Cir. 1975) (same); Wilson v. Lynaugh, 878 F.2d 846, 851 (5th Cir. 1989) (res judicata), *cert. denied,* 493 U.S. 969 (1989); see also Clark v. Georgia Pardons and Parold board, 915 F.2d 636, 640 & n. 2 (11th Cir. 1990) (dictum concerning affirmative defenses generally).

Plaintiff's untimely filing in this case was preceded by untimely filings with the Bureau of Prisons. It is clear from the copies of administrative remedies which Plaintiff provided as exhibits that he failed to challenge his transfer until well after the time period required to do so. Plaintiff's earliest grievance about his September 29, 2014, transfer in administrative remedy appears to have been filed on November 25, 2016. ECF No. 1-8 at 2. It is unclear whether that remedy was ever exhausted. However, it appears that Plaintiff did exhaust his administrative remedy 950833 which he filed with the institution on August 21, 2018. ECF No. 1-7 at 6. The Bureau of Prisons policy on administrative remedies sets a strict deadline for filing grievances. BOP Policy 1330.17 § 542.14, provides that, "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." https://www.bop.gov/policy/progstat/1330_017.pdf. It appears clear that Plaintiff not only failed to file his complaint timely, but also failed to file his administrative grievances within the time constraints set by the Bureau of Prisons.

11

### B. Claims Related to Plaintiff's Access to Mail

As to Plaintiff's claims that Defendants Brown, Cunningham and "unknown named Defendants" violated his civil rights by restricting his access to the Courts by preventing him from filing legal papers or receiving legal mail. ECF No. 1 at 14. All of those claims concern Plaintiff's 2015 access to the Court and mail, which occurred more than three years before Plaintiff filed the instant case. Plaintiff claims that on September 17, 2015, and September 27, 2015, Brown failed to provide Plaintiff legal mail which was received on those dates. Id. at 15. Plaintiff further claims that on September 25, 2015, Cunningham failed to send out legal mail which Plaintiff entrusted to him. Id. As to the named Defendants, for the reasons set forth in Section IV.A. above, none of Plaintiff's claims were asserted timely.

As to the "unknown named Defendants", Plaintiff claims those Defendants "tried to prevent, to block, and to stop the court from learning and receiving the plaintiff's legal mails" in 2015. Id. at 18. Plaintiff has failed to provide the names of those parties, as required by Federal Rule of Civil Procedure Rule 10(a), which requires that the "title of a complaint must name all the parties." Second, Plaintiff is required to provide, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55 (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiff's complaint identifies those defendants only an "unknown named Defendants". ECF No. 1 at 14 – 18. However, the complaint fails to name or otherwise identify any individual defendant whom Plaintiff claims violated his civil rights.

Accordingly, because Plaintiff has failed to name or otherwise identify the "unknown named Defendants", and to make a short and plain statement of the claim showing that he is entitled to relief from "unknown named Defendants", as required by Federal Rule of Civil Procedure 10(a), this matter should be dismissed without prejudice as to those Defendants for failure to state a claim.

Accordingly, for all of the above reasons, even if the plaintiff might have a civil rights cause of action, it is apparent on the face of the complaint that the statute of limitations for bringing these <u>Bivens</u> claims expired before he filed this action.  Further, Plaintiff has failed to state a claim as to the unknown named Defendants for failure to identify those individuals.  Therefore, the complaint should be dismissed on initial screening for failure to state a claim upon which relief may be granted.

## V.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 14, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE